# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No.  1:10-cv-02850-REB

MUTH PUMP LLC,

Plaintiff,

v.

EAGLE INNOVATIONS INC.,

Defendant.

_____

## STIPULATED PROTECTIVE ORDER
_____

**Blackburn, J.**

The matter is before me on the parties **Stipulated Motion For Protective Order** [#26][1] filed June 24, 2011.  After reviewing the motion and the file, and on a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of trade secret and confidential information, I conclude that the motion should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Stipulated Motion For Protective Order** [#26] filed June 24, 2011, is **GRANTED**;

2. That this Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure;

3.  That as used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a), and a draft or non-identical copy is a separate document within the meaning of this term;

4.  That information designated "CONFIDENTIAL" shall be information that is trade secret or confidential; and information designated "ATTORNEYS' EYES ONLY" is trade secret or confidential, technical or competitive business information, the disclosure of which would be highly injurious to the party producing the information; information designated CONFIDENTIAL and ATTORNEYS' EYES ONLY shall not be disclosed or used for any purpose except the preparation and trial in this case; provided, furthermore, that in designating information CONFIDENTIAL or ATTORNEYS' EYES ONLY, the party doing so must have a good faith belief that such information is in fact CONFIDENTIAL or ATTORNEYS' EYES ONLY;

5.  That CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to the following:

(a)   attorneys actively working on this case, including the parties' in house counsel;

(b)   persons regularly employed or associated with the attorneys identified in Paragraph 4(a) who assist said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

  (c) the parties, including their employees;

  (d) expert witnesses and consultants utilized in connection with this proceeding and their assistants or clerical personnel, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case.

  (e) the Court and its employees ("Court Personnel");

  (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  (g) deponents or trial witnesses; and

  (h) other persons by written agreement of the parties or by order of the Court;

  6. That ATTORNEYS' EYES ONLY documents, materials, and/or information (collectively "ATTORNEYS' EYES ONLY Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to the following:

  (a) attorneys actively working on this case, excluding the parties' in house counsel;

  (b) persons regularly employed or associated with the attorneys identified in Paragraph 5(a) who assist said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

  (c) expert witnesses and consultants specifically retained in connection with this proceeding and who are not employees of either party (or their respective affiliates) nor anticipated to become such employees in the near future, together with their assistants or clerical personnel, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case, and pursuant to the provisions of

Paragraph 6 herein;

    (d)    the Court and its employees ("Court Personnel");

    (e)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (f)    deponents or trial witnesses who reasonably appear to be prior disclosers, authors, sources or recipients of the information; and

    (g)    other persons by written agreement of the parties;

    7.  That the procedure for having expert witnesses and consultants approved for access to ATTORNEYS' EYES ONLY Information shall be as follows:

    (a)    The party seeking to have an expert witness or consultant (as identified in Paragraph 5(c)) approved shall provide the producing party with the following:

    (i)    the name of the designated person;

    (ii)    the present employer and title of said designated person;

    (iii)    a resume or curriculum vitae of said designated person; and

    (iv)    a copy of an Agreement to be Bound by Protective Order, attached as Attachment A, signed by the designated person for whom approval is sought;

    (b)    Within five (5) business days after mailing (via overnight delivery) of the information and Agreement to be Bound by Protective Order identified in Paragraph 6(a), the producing party may object to the person proposed for approval if facts available to the producing party give it genuine reason to believe that there is a reasonable likelihood that the designated person may use ATTORNEYS' EYES ONLY Information for purposes other than the preparation, trial or other proceedings in this case; provided, furthermore, that objections must be based upon a legitimate good faith

4

belief in such unauthorized use and shall not be made for purposes of delaying approval of said designated person and that failure to object within five (5) business days to a person proposed shall be deemed approval, but shall not preclude a producing party from objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel;

  (c) If the producing party so objects, the producing and requesting party shall, within five (5) business days from the date of the mailing of the notice of objection, confer and attempt to resolve the dispute; provided, furthermore, that at the conference, the producing party shall inform the requesting party of its reasons for objecting to the designated person, and if the parties cannot resolve the dispute, or if the conference does not take place, then the producing party shall move the Court within fifteen (15) business days of the conference for an order that access to ATTORNEYS' EYES ONLY Information be denied to the designated person; however, if no such motion is filed within this period, disclosure may be made to the designated person as though there had been no objection; and the time periods are not to restrict either party from moving for a court order earlier if the circumstances so require;

  (d) The parties agree that the information identified in Paragraph 6(a) shall constitute sufficient information from which to approve said designated person;

  8. That counsel disclosing any CONFIDENTIAL or ATTORNEYS' EYES ONLY Information to any person listed in Paragraphs 4 and 5 above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), shall, prior to such disclosure, provide such person with a copy of this Protective Order and obtain from such person an executed Agreement to be Bound by Protective Order, attached as

Attachment A; and all such executed Agreements to be Bound by Protective Order shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel;

    9.  That documents are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: CONFIDENTIAL or ATTORNEYS' EYES ONLY;

    10.  That whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY Information, the deposition or portions thereof shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order; and such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or ATTORNEYS' EYES ONLY after transcription, provided written notice of the specific pages and lines designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript;

    11.  That nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of doing so, referring to or relying on his or her examination of CONFIDENTIAL or ATTORNEYS' EYES ONLY Information; provided that in rendering such advice and in otherwise communicating with clients, the attorney does not make a specific disclosure of the CONFIDENTIAL or ATTORNEYS' EYES ONLY Information;

    12.  That a party may object to the designation of particular CONFIDENTIAL or

ATTORNEYS' EYES ONLY Information by giving written notice to the party designating the disputed information; however, no party is obligated to object to a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time of production, and a failure to do so shall not preclude any later objection to a designation; provided, furthermore, that the written notice shall identify the information to which the objection is made, and If the parties cannot resolve the objection within ten (10) business days after the time the written notice of objection is received, then the party objecting to the designation may request appropriate relief from the Court; however, unless and until a Court ruling is obtained changing a designation, or the parties agree otherwise, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order; provided, furthermore, that in connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY;

      13.  That the designation of information or documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not prevent any party from using such information at trial as permitted by the Court;

      14.  That at the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or ATTORNEYS' EYES ONLY, or the parties may elect to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, and where the

parties agree to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction;

15.   That if the parties file CONFIDENTIAL or ATTORNEYS' EYES ONLY documents with the Court, the parties shall comply with the Local Rules of this Court concerning the filing of materials under seal; and

16.   That this Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated June 27, 2011, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge